IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DELORIS CARTER, *et al.*, ) | |
| ) | |
|    Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 2:09-cv-971-MEF-CSC |
| ) | |
| MONTGOMERY HOUSING ) | (WO) |
| AUTHORITY, *et al.*, ) | |
| ) | |
|    Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on Plaintiffs' Motion for Preliminary Injunction (Doc. # 3). Plaintiffs are nine women who all participate in the Housing Assistance program pursuant to 42 U.S.C. § 1437f ("Section 8"), administered locally by the Housing Authority of the City of Montgomery ("MHA"). From September 4 to October 4, 2009, Plaintiffs each received a letter from MHA stating that MHA would end Section 8 assistance at the end of the month. As grounds for termination, MHA asserted engagement in "drug-related criminal activity or violent criminal activity or other criminal activity that threatens the health, safety, or right to peaceful enjoyment of other residents and persons residing in the immediate vicinity of the premises" in violation of Plaintiffs' Section 8 agreements. MHA also noted in each letter that Plaintiffs had the right to request a hearing to dispute this charge.

Pursuant to 42 U.S.C. § 1983, Plaintiffs claim that Defendants deprived them of rights

guaranteed by 42 U.S.C. § 1437 and the Fifth and Fourteenth Amendments.[1] Plaintiffs state that Defendants violated due process by failing to give them proper notice with these letters, turn over necessary documents to Plaintiffs, present evidence at the hearings, and give them proper notice with the written decisions issued following hearings. Plaintiffs also assert substantively that Defendants cannot properly terminate their benefits because no sufficient violation had occurred.

Plaintiffs are not all similarly situated. Only some Plaintiffs have requested and received a hearing at this point. MHA has not yet terminated Section 8 assistance to all Plaintiffs. For those plaintiffs whose Section 8 benefits have terminated, Plaintiffs seek injunctive relief to restore, retroactive to date of termination, those benefits and Section 8 eligibility. For those plaintiffs whose Section 8 benefits have not yet terminated, Plaintiffs seek injunctive relief preventing Defendants from terminating those benefits or those plaintiffs' Section 8 eligibility.

A district court may issue a preliminary injunction where the moving party demonstrates (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest. *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002).

---

[1] Specifically, Plaintiffs cite to alleged violations of requirements given by 42 U.S.C. § 1437d and 24 C.F.R. Part 982.

Upon consideration of the evidence and arguments presented in the parties' briefings and at the hearing for a preliminary injunction, held on October 29th, this Court makes the following findings:

Plaintiffs have a substantial likelihood of success on the merits in their claims that Defendants committed procedural due process violations in conducting hearings for plaintiffs Carter, Prevo, Lewis, Moore, White, McCall, and Sellers. Defendants failed to provide any of these defendants with their criminal records either prior to or during their hearing or prior to terminating benefits. *See, e.g.*, 42 U.S.C. § 1437d(q)(2); 24 C.F.R. § 982.555(e)(2)(i). Additionally, Defendants have the burden of persuasion in informal Section 8 termination hearings and "must initially present sufficient evidence to establish a prima facie case" that Plaintiffs violated their Section 8 agreements in a manner justifying termination. *Basco v. Machin*, 514 F.3d 1177, 1182 (11th Cir. 2008). Defendants failed to establish a prima facie case that those plaintiffs who received a hearing committed such a violation. Plaintiff Prince also has a substantial likelihood of success on the merits of her claim. Undisputed testimony by Prince establishes that Defendants could not terminate her benefits under their stated grounds for termination.[2] Plaintiff Vaughn does not have a substantial likelihood of success on the merits of her claim.[3]

---

[2] Defendants had information that a man in Prince's household was charged with possession of marijuana on August 1, 2009. Prince testified that she notified Defendants in July 2009 that the man in question had moved out of her residence.

[3] The Court also finds that all Plaintiffs who have not received a hearing would have a substantial likelihood of success on the merits of their claims for violation of procedural due process, were Defendants to use procedures substantially similar to those used in the hearings already conducted.

All plaintiffs satisfy the final three elements considered in determining whether to grant a preliminary injunction. No plaintiff can afford to pay her full rent. Without Section 8 benefits, they will all have to leave their current homes. Therefore, all plaintiffs will suffer irreparable injury unless the injunction issues. The threatened injury to all plaintiffs outweighs whatever damages the proposed injunction may cause Defendants in time and expense. Finally, an injunction in this case—one that would aid in keeping Plaintiffs in their homes—would not be adverse to the public interest.

In granting a preliminary injunction, the movant must pay a security "in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). Therefore, this Court has the discretion to determine the proper amount of the required security, including requiring no security. *See, e.g.*, *Corrigan Dispatch Co. v. Casa Guzman, S.A.*, 569 F.2d 300, 303 (5th Cir. 1978).[4] Because Plaintiffs are indigent, this Court exercises its discretion to waive the requirement of payment of security.

Accordingly, it is hereby

ORDERED that:

(1) Plaintiffs' Motion for Preliminary Injunction is GRANTED in part and DENIED in part. It is DENIED at this time as to Plaintiff Vaughn's Motion for Preliminary Injunction; it is GRANTED as to all other Plaintiffs;

---

[4] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. Nov. 3, 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

(2) With the exception of Plaintiff Vaughn, Defendants are DIRECTED to reinstate Section 8 benefits and eligibility for all Plaintiffs whose Section 8 benefits and/or eligibility have been terminated, retroactive to the date of termination;

(3) With the exception of Plaintiff Vaughn, Defendants are DIRECTED to maintain Section 8 benefits and eligibility for all Plaintiffs whose Section 8 benefits and/or eligibility have not yet been terminated; and

(4) Plaintiffs shall pay no security in connection with this preliminary injunction.

DONE this the 3rd day of November, 2009.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE