IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DELORIS CARTER, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CASE NO. 2:09-cv-971-MEF-CSC |
| | ) |
| MONTGOMERY HOUSING | ) |
| AUTHORITY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

This cause is before the Court on Plaintiffs' Motion to Amend Complaint filed on December 31, 2009. (Doc. #29). Defendants have opposed this motion. For the reasons set forth in this Memorandum Opinion and Order, the Court finds that the motion is due to be GRANTED in part and DENIED in part.

Plaintiffs are nine women who all participate in the Housing Assistance program pursuant to 42 U.S.C. § 1437f ("Section 8"), administered locally by the Housing Authority of the City of Montgomery ("MHA"). Each plaintiff received a letter from MHA stating that MHA would end Section 8 assistance at the end of the month. As grounds for termination, MHA asserted engagement in "drug-related criminal activity or violent criminal activity or other criminal activity that threatens the health, safety, or right to peaceful enjoyment of other residents and persons residing in the immediate vicinity of the premises" in violation of Plaintiffs' Section 8 agreements. MHA also noted in each letter that Plaintiffs had the right

to request a hearing to dispute this charge. Pursuant to 42 U.S.C. § 1983, Plaintiffs claim that Defendants deprived them of rights guaranteed by 42 U.S.C. § 1437 and the Fifth and Fourteenth Amendments.[1]

On November 5, 2009, the parties submitted a Report of Parties' Planning Meeting suggesting a trial in March of 2010 and failing to propose a deadline for any amendments to the pleadings. (Doc. #24). On November 6, 2009, this Court entered a Uniform Scheduling Order pursuant to Federal Rule of Civil Procedure 16. (Doc. #25). This Uniform Scheduling Order set a deadline of December 9, 2009 for the amendment of the pleadings by any party. Plaintiffs did not object to this deadline, nor did they file any motion seeking to extend it prior to its passing.

Federal Rule of Civil Procedure 16(b) provides that a schedule, such as the one this Court set by entering the Uniform Scheduling Order in this case, "may be modified *only* for good cause" and by leave of court. Fed. R. Civ. P. 16(b) (emphasis added). This means that in making a motion for leave to amend a pleading after the deadline set by this Court's scheduling order, Plaintiffs must show good cause exists for their untimely attempt to amend their complaint. *See Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008) (finding that Rule 16's good cause standard precludes modification of the scheduling order unless the schedule cannot be met despite the diligence of the party seeking the extension.); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (applying

---

[1] Specifically, Plaintiffs cite to alleged violations of requirements given by 42 U.S.C. § 1437d and 24 C.F.R. Part 982.

the Rule 16 good cause standard rather than the more liberal standard of Rule 15 to attempt to amend pleading after deadline set by Court's scheduling order is appropriate).

Plaintiffs seek to amend their complaint in two ways: (1) note the significance of both the defects in Defendants' policy on Section 8 terminations and the lack of training provided to the hearing officer,[2] and (2) add a claim for attorneys' fees.[3] (*See* Doc. #29-2).

With regards to the first purpose for amending, Plaintiffs added allegations that their benefits were terminated without investigation and with the use of form letters by a hearing officer that MHA failed to train. Plaintiffs also added allegations that Defendants' procedures were generally inadequate and failed to inform Plaintiffs of their rights, causing substantial harm to Plaintiffs. In their prayer, Plaintiffs add requests that the Court make findings on these assertions and enjoin Defendants from terminating benefits in the future without first revising their policy for termination. Plaintiffs argue that these additions merely clarify their claims and do not prejudice Defendants.[4]

As noted by Defendants, most if not all of these additions requested by Plaintiff are stated in their memorandum in support of their motion for a preliminary injunction and temporary restraining order. (Doc. #4). Therefore, it appears that Plaintiffs had all the information they needed to amend their complaint on October 19, 2009 but failed to seek

---

[2] Plaintiffs added paragraphs 20, parts of 22, 23, parts of 27, 32, 33, and 34. They also added subpart (d) and (e) and parts of subpart (c) to the prayer.

[3] Plaintiffs added subpart (h) to the prayer.

[4] In their initial motion, Plaintiffs failed to give any reason for missing the deadline to amend with regards to these changes. Plaintiffs asserted these arguments for the first time in their reply to this Court's show cause order.

leave to amend their complaint until over two months thereafter. The Court is not satisfied that Plaintiffs have made a showing of good cause for allowing these amendments. Furthermore, since Plaintiffs say that these additions merely clarify rather than alter their claims, there is no need for an amended complaint to add these changes. Any clarification may be included in the pretrial order.

Plaintiffs also argue that they should be allowed to amend their complaint to add a claim for attorneys' fees because the statutory bar against Legal Services lawyers collecting and retaining attorneys' fees was not removed until December 16, 2009, after the deadline set in the Uniform Scheduling Order for filing amendments to pleadings. While Plaintiffs and Defendants agree that the 2010 appropriations bill removes the restriction on Legal Services attorneys seeking attorneys' fees, Defendants argue that prohibition remains in the regulations. *See* 45 C.F.R. § 1642. However, the Legal Services Corporation ("LSC") Board of Directors issued a letter dated December 17, 2009 stating that LSC would not enforce the regulatory restriction on claiming, collecting, and retaining attorneys' fees until it determined whether it would rescind or amend that regulatory restriction pursuant to the new legislation lifting the statutory ban. Plaintiffs, despite their diligence, may not have known they could file a claim for attorneys' fees prior to the December 9, 2009 deadline for amendments given in the Uniform Scheduling Order. Once the letter from the LSC Board issued, Plaintiffs' filed their motion for leave to amend in less than two weeks.

For the foregoing reasons, its is hereby ORDERED that Plaintiffs' Motion to Amend Complaint (Doc. #29) is GRANTED in part and DENIED in part. It is granted in that

Plaintiffs may file an amended complaint which adds only a claim for attorneys' fees; it is denied in all other respects. It is further ORDERED that Plaintiffs must file their amended complaint no later than 5:00 p.m. on Friday, March 19, 2010.

DONE this the 12th day of March, 2010.

       /s/ Mark E. Fuller
       CHIEF UNITED STATES DISTRICT JUDGE